UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZAURBEK GUKETLOV, et al., | CASE NO. C09-1265JLR |
| Plaintiffs, | ORDER |
| v. | |
| HOMEKEY MORTGAGE, LLC, et al., | |
| Defendants. | |

This matter comes before the court on Defendant WMC Mortgage, LLC's ("WMC") motion to dismiss (Dkt. # 8).[1] The parties have not requested oral argument. Having reviewed the materials submitted by the parties, and for the reasons set forth below, the court GRANTS WMC's motion to dismiss (Dkt. # 8), but GRANTS Plaintiffs leave to amend their complaint with respect to their Washington Consumer Protection Act and fraud claims.

---

[1] Defendant HomeKey Mortgage, LLC did not join in WMC's motion to dismiss.

ORDER - 1

# I. BACKGROUND

This lawsuit arises out of Plaintiffs Zaurbek and Svetlana Guketlov's ("the Guketlovs") purchase of a home in Renton, Washington. (Declaration of James E. Howard ("Howard Decl.") (Dkt. # 9), Ex. A ("Compl.") ¶ 10.) The Guketlovs allege that they applied for a conventional fixed-rate loan through their mortgage broker, Defendant HomeKey Mortgage, LLC ("HomeKey"). (*Id.* ¶ 16.) Early in the application process, they allegedly received two Truth in Lending Disclosure Statements for fixed-rate loans. (*Id.* ¶ 17.) Sometime thereafter, but prior to closing, the Guketlovs received an additional Truth in Lending Disclosure Statement for a fixed-rate loan for $280,270.56. (*Id.* ¶ 19.) The Guketlovs claim that they never received any disclosures before the closing date that indicated that they would receive an adjustable-rate loan. (*Id.* ¶ 20.) At closing, however, the Guketlovs allege that they were offered an adjustable-rate loan of $287,960.00 at an initial interest rate of 7.5% for the first six months. (*Id.* ¶ 21.) The Guketlovs contend that, according to the statements accompanying the loan, they were charged a $2,159.70 origination fee, a $450.00 processing fee, and a $2,879.60 "Yield Spread Premium," all of which were paid to HomeKey out of the loan proceeds. (*Id.* ¶¶ 22-24.) The Guketlovs allege that the interest rate on their loan has since increased to more than 9.75%, and that as a result they can no longer afford their mortgage payments. (*Id.* ¶ 25.)

The Guketlovs originally filed this action against WMC and HomeKey in King County Superior Court. (*See* Dkt. # 1 (Notice of Removal).) The Guketlovs claim that

WMC and HomeKey violated the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2607 et seq., and the Washington Consumer Protection Act ("CPA"), chapter 19.86 RCW, by failing to provide required disclosures and by improperly charging an origination fee and a "Yield Spread Premium" based on the adjustable rate loan. (Compl. ¶¶ 27-30 (TILA and RESPA cause of action); ¶¶ 31-32 (CPA cause of action).) The Guketlovs further claim that they are entitled to damages for common-law fraud and unjust enrichment based on material misrepresentations made by agents and representatives of HomeKey and WMC during the loan application process. (Compl. ¶¶ 33-42.)

WMC removed the action to federal court (*see* Dkt. # 1), and filed this motion to dismiss (Dkt. #8).

## II.    ANALYSIS

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It is not enough for a complaint to "plead[] facts that are 'merely consistent with' a defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although a court considering a motion to dismiss must accept all of the factual allegations in the complaint as true, the court is not required to accept as true a legal conclusion presented as a factual allegation. *Id.* at 1949-50 (citing *Twombly*, 550 U.S. at 556).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). A court may, however, "consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Id.; see also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**A.     TILA and RESPA Claims**

WMC argues that the court should dismiss the Guketlovs' TILA and RESPA claims because they are time-barred. (Mot. at 4-5.) A claim for monetary damages under TILA "may be brought . . . within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). A TILA violation occurs at the time the loan documents are signed. *See Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th

Cir. 2003). Similarly, an action brought pursuant to 12 U.S.C. § 2607(a), the anti-kickback and unearned fees provision of RESPA, is subject to a one-year statute of limitations, which starts to run on the date that the loan closed. 12 U.S.C. § 2614; *see also Kotok v. Homecomings Fin., LLC*, No. C09-662RSM, 2009 WL 2057046, at *3 (W.D. Wash. July 14, 2009).

The Guketlovs' loan closed on May 12, 2006. (*See* Compl. ¶¶ 18, 25.) Because the Guketlovs filed their complaint on May 12, 2009, three years after their loan closed, their TILA and RESPA claims are barred by the statutes of limitations.

The Guketlovs argue that they are not subject to the one-year TILA statute of limitations because their complaint includes claims for recoupment and set-off of their loans. (Resp. (Dkt. # 11) at 5; *see* Compl. at 7.) The Guketlovs are correct that TILA's one-year statute of limitations does not apply "in an action to collect the debt . . . as a matter of defense by recoupment or set-off in such action." 15 U.S.C. § 1640(e). The Guketlovs, however, are *affirmatively* claiming recoupment and set-off in an action that they initiated; they are not asserting the *defenses* of recoupment and set-off in an action to collect a debt. The one-year statute of limitations therefore bars their claims. *See Kotok*, 2009 WL 2057046, at *3.

The Guketlovs also insist that they are entitled to equitable tolling of the statutes of limitations on their TILA and RESPA claims "due to the fraud alleged in [their] complaint." (Resp. at 6). The statutes of limitations under TILA and RESPA may be subject to equitable tolling in appropriate circumstances. *See King v. California*, 784

F.2d 910, 915 (9th Cir. 1986) (TILA); *Blaylock v. First Am. Title Ins. Co*., 504 F. Supp. 2d 1091, 1107 (W.D. Wash. 2007) (RESPA). Equitable tolling "focuses on excusable delay by the plaintiff," *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002), and inquires whether "a reasonable plaintiff would . . . have known of the existence of a possible claim within the limitations period," *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). *See also King*, 784 F.2d at 915 (the limitations period for TILA is "suspended only until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the . . . action.").

Here, the Guketlovs' bare allegation that Defendants' fraud prevented them from discovering the violations within the limitations period is insufficient to withstand a motion to dismiss. *Cf. Blaylock*, 504 F. Supp. 2d at 1108 (holding that plaintiffs were entitled to equitable tolling of their RESPA claim where they alleged that they could not have reasonably discovered the defendant title insurance company's deceptive practices until the Washington State Insurance Commissioner issued a report detailing marketing abuses by the title insurance industry). The Guketlovs make no factual allegations that would support a finding that a reasonable plaintiff would not have known that he received inadequate disclosures at the time he closed on his loan. *See Kotok*, 2009 WL 2057046, at *3. The Guketlovs are not, therefore, entitled to equitable tolling of the statutes of limitations on their TILA and RESPA claims against WMC.

For the foregoing reasons, the court dismisses the Guketlovs' TILA and RESPA claims as time-barred.

## B. Washington Consumer Protection Act

WMC argues that the court should dismiss the Guketlovs' CPA claim for failure to state a cause of action. (Mot. at 5-6.) To state a claim under the Washington CPA, a plaintiff must allege the following elements: (1) an unfair or deceptive practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injuring plaintiff in his business or property, and (5) caused by the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). The "unfair or deceptive practice" element requires a plaintiff to show that the alleged act "had the capacity to deceive a substantial portion of the public." *Id.* at 535 (emphasis omitted). Courts evaluating the "public interest" element consider such factors as whether the alleged acts were committed in the course of the defendant's business, whether the defendant advertised to the public in general, whether the defendant actively solicited the plaintiff, and whether the plaintiff and defendant occupied unequal bargaining positions. *Id.* at 538.

WMC argues that the Guketlovs' complaint failed to specify the deceptive practices in which WMC is alleged to have engaged and failed to allege specific facts demonstrating a plausible claim to relief as required by *Twombly* and *Iqbal*. (Mot. at 5-6). The court agrees. The Guketlovs pleaded their CPA claim with a single, conclusory sentence: they allege that "[t]he conduct of Defendants HomeKey Mortgage, LLC, and WMC Mortgage Corp., their agents and representatives constitute unfair or deceptive acts or practices in violation of the Washington Consumer Protection Act . . . ." (Compl.

¶ 32.)  The Guketlovs do not allege facts that, if true, would demonstrate that WMC's conduct had the capacity to deceive a substantial portion of the public, nor do they make any allegations regarding how WMC's alleged unfair or deceptive practices affect the public interest.  *See Hangman Ridge*, 719 P.2d at 535, 538.

The Guketlovs also argue that "[t]he violations of TILA and RESPA, as alleged in plaintiffs' complaint, constitute prima facie violations of the CPA."  (Resp. at 6.)  It is true that a violation of certain statutes containing a "specific legislative declaration" of a public interest may satisfy the public interest element of the CPA per se.  *See Hangman Ridge*, 719 P.2d at 538-39.  The Guketlovs have not, however, pointed the court to any authority showing that a violation of TILA or RESPA satisfies the CPA's public interest element.

The court therefore finds that dismissal of the Guketlovs' CPA claim against WMC is warranted.  Because the court does not find that amendment would be futile, however, the court grants the Guketlovs leave to amend their complaint with respect to their CPA claim.  *See Lopez*, 203 F.3d at 1127.

C.    **Common-law Fraud**

WMC argues that the court should dismiss the Guketlovs' claim of common-law fraud because they failed to plead it with the particularity required by Federal Rule of Civil Procedure 9(b).  (Mot. at 6-7.)  Under Washington law, a claim for fraud has the following nine elements: "(1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should

be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff." *Stiley v. Block*, 925 P.2d 194, 204 (Wash. 1996).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must plead allegations of fraud with particularity. Fed. R. Civ. P. 9(b). The complaint must include "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz*, 476 F.3d at 764 (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). Moreover, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.* at 764-65 (internal quotation and edits omitted). Thus, where, as here, a fraud suit involves multiple defendants, "a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Id.* at 765 (internal quotation and edits omitted).

Here, the Guketlovs have not pleaded their allegations of WMC's fraud with the particularity necessary to satisfy Rule 9(b). As WMC points out, the allegations in the complaint lump both Defendants together. (*See, e.g.*, Compl. ¶ 37 ("Defendants HomeKey and WMC Mortgage caused plaintiffs to pay to Defendant WMC Mortgage [a] 'Yield Spread Premium' of $2,879.60 which was not properly disclosed in the related HUD 1 Settlement Statement."); *see generally* Compl. ¶¶ 33-42.) Because the

Guketlovs' complaint does not differentiate WMC's role in the alleged fraudulent scheme from HomeKey's role, it does not meet the requirements of Rule 9(b). *See Swartz*, 476 F.3d at 764-65.[2]

For these reasons, the court grants WMC's motion to dismiss the Guketlovs' fraud claim. The court grants the Guketlovs leave to amend their complaint with respect to their fraud claim.

**D.     Unjust Enrichment**

WMC argues that under Washington law, a party may not bring an unjust enrichment claim where an express contract governs the relationship between the parties. (Mot. at 7.) Indeed, "[a] party to an express contract is bound by the provisions of that contract and may not disregard the same and bring an action on an implied contract relating to the same subject matter, in contravention of the express contract." *MacDonald v. Hayner*, 715 P.2d 519, 522 (Wash. Ct. App. 1986). WMC urges the court to dismiss the Guketlovs' unjust enrichment claim because the claim relates to the same subject matter as the loan contract between the Guketlovs and WMC: "the deed of trust

---

[2] WMC also argues that the Guketlovs' allegation of fraud is contradicted by the Guketlovs' own loan application. (Mot. at 6-7; Reply (Dkt. # 13) at 7-8.) With its motion, WMC submitted a copy of an application, purportedly signed by Mr. Guketlov, for an adjustable-rate loan of $287,960 at a starting rate of 7.5%. (Howard Decl., Ex. B.) The Guketlovs respond that they received "forged or altered" documents in connection with their loan. (Resp. at 4.) To support this allegation, the Guketlovs submitted copies of two applications for fixed-rate loans of $71,990—an amount which was never mentioned in the complaint. (Declaration of Bruce M. Hull ("Hull Decl.") (Dkt. # 12), Ex. B.) Because the Guketlovs challenge WMC's submission, and because the Guketlovs submitted documents that were not referenced in the complaint, the court declines to consider the parties' submissions in conjunction with this motion to dismiss. *See Swartz*, 476 F.3d at 763.

and note arising out of the loan transaction." (Mot. at 7.) The Guketlovs do not address this portion of WMC's brief in their response.

The court agrees with WMC. The Guketlovs' express contract with WMC bars them from bringing an unjust enrichment claim relating to the loan contract. *See MacDonald*, 715 P.2d at 522. The court therefore dismisses with prejudice the Guketlovs' unjust enrichment claim against WMC.

### III. CONCLUSION

For the reasons set forth above, the court:

1. GRANTS WMC's motion to dismiss (Dkt. # 8);

2. DISMISSES with prejudice the Guketlovs' TILA, RESPA, and unjust enrichment claims;

3. DISMISSES with leave to amend the Guketlovs' Washington CPA and common-law fraud claims; and

4. ORDERS the Guketlovs to file an amended complaint within 20 days of entry of this order.

Dated this 9th day of November, 2009.

JAMES L. ROBART
United States District Judge